21-6303
Singh v. Garland

BIA
Christensen, IJ
A205 586 831

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-three.

PRESENT:
      DEBRA ANN LIVINGSTON,
          *Chief Judge,*
      BETH ROBINSON,
      MARIA ARAÚJO KAHN,
          *Circuit Judges.*

_____

GURMEET SINGH,
      *Petitioner*,

      v.                          **21-6303**
                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Julia J. Tyler, Senior Litigation Counsel; Elizabeth R. Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurmeet Singh, a native and citizen of India, seeks review of a May 5, 2021, decision of the BIA affirming a May 9, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurmeet Singh,* No. A 205 586 831 (B.I.A. May 5, 2021), *aff'g* No. A 205 586 831 (Immig. Ct. N.Y. City May 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified by the BIA, and address only whether the findings relied on by the BIA provide substantial evidence for the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67,

2

76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The IJ may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's conclusion that Singh was not credible as to his claim that members of the Congress Party threatened and attacked him because he is Sikh.

The agency reasonably relied on inconsistencies between Singh's statements

3

and documentary evidence and between his initial interview statements and later statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that he cut his hair and stopped wearing a turban to avoid being recognized as a Sikh after threats in November 2012, but his passport photograph from 2011 showed him with short hair. His explanations were themselves inconsistent—that he cut his hair for the photo and that his long hair was combed back—and inconsistent with his testimony that he had been growing his hair for ten years when he cut it after November 2012. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Singh also testified inconsistently with statements at his credible fear interview. As an initial matter, the credible fear interview was sufficiently reliable because the interview was set forth in a typewritten list of questions and responses, Singh did not indicate difficulty understanding the interpreter, the interviewer asked questions to draw out an asylum claim, and Singh's answers were responsive. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir 2009) ("Where the record of a credible fear interview displays the hallmarks of

4

reliability, it appropriately can be considered in assessing an alien's credibility."). A review of the record confirms the inconsistencies identified by the IJ: Singh testified that he was threatened four times by Congress Party members, but he stated at the interview that he was threatened three times; and he testified that his April 2013 attackers were Congress Party members, but stated at his interview that they were Hindus and he did not otherwise know who they were. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).

Singh also omitted significant information from his asylum application about the April 2013 attack. Singh testified that he was kicked for five to ten minutes and hospitalized for two days after the attack, but his application stated only that he was slapped and hit with fists. The application, which was filed years prior to his testimony and closer to the events in question, did not mention being kicked or hospitalized or otherwise indicate that he sustained serious injuries. While "asylum applicants are not required to list every incident of persecution" in their applications, an IJ may rely on omissions where, as here, the "facts are ones that a credible petitioner would reasonably have been expected to

disclose under the relevant circumstances." *Hong Fei Gao*, 891 F.3d at 78–80 (internal quotation marks omitted).

Finally, Singh's documentary evidence did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in discounting an affidavit from Singh's father because it appeared to have been written by someone other than Singh's father: a portion of it was written from Singh's perspective, and it tracked language from his application. *See Siewe*, 480 F.3d at 168–69 (explaining that "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

Taken together, the inconsistencies, omissions, and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even

more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7